UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10113-RGS

PAMELA JULIAN

v.

MCDONALD KEOHANE FUNERAL HOME INC.

MEMORANDUM AND ORDER ON COMPLAINT
FOR EMERGENCY PROTECTIVE ORDER

January 23, 2018

STEARNS, D.J.

## INTRODUCTION

For the reasons set forth below, the court dismisses this action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3).

## BACKGROUND

Plaintiff Pamela Julian, a resident of Brookline, Massachusetts, initiated this action, through counsel, by filing a verified *ex parte* emergency complaint for protective order. *See* Complaint (Compl.), Dkt #1. With the Complaint, plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. *See* Dkt #2.

The Complaint names as defendant a funeral home in Hingham, Massachusetts. Compl. ¶ 2. Julian alleges that her mother Alice Julian died on January 9, 2018. *Id.* ¶ 8. Julian seeks to have this court issue an order to

enjoin the defendant from releasing her mother's body until the performance of forensic medical testing. *Id.* ¶ 4 (prayer for relief). The Complaint references state court litigation that terminated upon Alice Julian's death. *Id.* ¶¶ 7, 8. Plaintiff contends that this court has jurisdiction over her claim for injunctive relief pursuant to the general federal question statute, 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.* ¶¶ 3, 4.

## STANDARD OF REVIEW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction *sua sponte*.").

## DISCUSSION

After reviewing the Complaint, it is clear that this court does not have subject matter jurisdiction. First, there is no allegation that the parties are diverse for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Even if the allegations of the Complaint are accepted as true, no federal question is raised pursuant to 28 U.S.C. § 1331. Injunctive relief is a remedy and not a cause of action. Moreover, the Declaratory Judgment Act itself does not

independently confer jurisdiction on federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, the invocation of Section 2201 is not enough to confer jurisdiction on federal courts; some independent source is required. *See id.* at 672; *see also Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987) ("Federal jurisdiction does not lie simply because relief is requested under the federal Declaratory Judgment Act.").

The court notes that the case caption of the Complaint misidentifies this court as the "First Circuit District Court of Massachusetts." To the extent Julian seeks review of a ruling of the Supreme Judicial Court, this court is barred from exercising jurisdiction over such a challenge by the *Rooker-Feldman* doctrine.[1] *See also Miller v. Nichols*, 586 F. 3d 53, 59 (1st Cir. 2009); 28 U.S.C. § 1257. Because the *Rooker-Feldman* doctrine implicates this court's subject matter jurisdiction, the court may consider the issue *sua sponte*. *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 78 (D. Mass. 2015).

Finally, prior notice to the plaintiff is ordinarily required to permit the plaintiff to correct her error, but no notice is necessary "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be

---

[1] The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

futile." *González-González v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). Such is the case here.

ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED that:

(1) This action is dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction;

(2) In view of the dismissal of this action for lack of subject jurisdiction, no action will be taken on plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs; and

(3) The Clerk shall enter a separate order of dismissal.

SO ORDERED.

 /s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE